```
                                    U.S. DISTRICT COURT
                                WESTERN DISTRICT OF LOUISIANA
                                          FILED

                                       OCT 25 2001

                                ROBERT H. SHEMWELL, CLERK
                                BY _____
                                              DEPUTY
```

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

**CHARLES E. YOUNG**, Individually
and on behalf of all others similarly situated      *

VERSUS                                              *    JUDGE

**SULZER MEDICA, Ltd.**, A Foreign Corporation;
**SULZER MEDICA U.S.A., INC.**, A Foreign
Corporation; **SULZER ORTHOPEDIC, Ltd**, A
Foreign Corporation; **SULZER ORTHOPEDICS, INC.**,
A Foreign Corporation                               *    MAGISTRATE JUDGE

CV01-2222 S

JUDGE STAGG

MAGISTRATE JUDGE PAYNE

## CLASS ACTION COMPLAINT

Plaintiff, **CHARLES E. YOUNG**, Individually and as a Representative Class Member on behalf of all others similarly situated, sues Sulzer Medica, Ltd., A Foreign Corporation; Sulzer Medica U.S.A., Inc., A Foreign Corporation; Sulzer Orthopedic, Ltd., A Foreign Corporation, Sulzer Orthopedics, Inc., A Foreign Corporation; and allege as follows:

### INTRODUCTION

1. This is an action for damages that exceeds the sum of $75,000.00, exclusive of interest, costs and attorneys fees. At all times material hereto, the Plaintiff, **CHARLES E. YOUNG** hereinafter **YOUNG**, is and was a resident of Shreveport, Louisiana. Venue is proper in this Court.



## PARTIES

2. At all times material hereto, **CHARLES E. YOUNG** has been and continues to be an appropriate class member pursuant to Federal Rule of Civil Procedure 23.

3. At all times material hereto, Sulzer Medica, Ltd, a Foreign Corporation, (hereinafter "Medica, Ltd) is and was the parent company of Sulzer Orthopedic Ltd., a Foreign Corporation, Sulzer Medica, USA, a Foreign Corporation and Sulzer Orthopedics, Inc., a Foreign Corporation, with its principal place of business in Winthur, Switzerland.

4. At all times material hereto, Sulzer Medica USA, Inc., a Foreign Corporation, (hereinafter "Medica USA") is a company in the business of designing, manufacturing and distributing knee implants for orthopedic surgeries with its principal place of business in Houston, Texas.

5. At all times material hereto, Sulzer Orthopedics, Ltd., a Foreign Corporation, (hereinafter "Sulzer Ltd") is a company in the business of designing, manufacturing and distributing knee implants for orthopedic surgeries with its principal place of business in Baar, Switzerland.

6. At all times material hereto, Sulzer Orthopedics, Inc., a Foreign Corporation, (hereinafter "Sulzer Inc.") is a company in the business of distributing knee implants for orthopedic surgeries within the U.S. and its principal place of business in Austin, Texas.

7. At all times material hereto, the Defendants, Medica Ltd., Sulzer Orthopedics, Inc., Sulzer Medica USA, Sulzer Ltd., distributed and/or sold products which served as hardware for knee replacements.

8. Defendant collectively designed, manufactured and/or distributed a surgically implantable knees known as Sulzer Natural-knee system. (hereinafter "Sulzer Natural-knee)

## FACTUAL ALLEGATIONS

9. In February 1999 plaintiff YOUNG, was admitted by George R. Williams, M.D. , to Louisiana State University Health Sciences Center in Shreveport, Louisiana, for implantation of a Sulzer Natural-knee implant.

10. Approximately nine (9) months later on November 9, 2000, the Sulzer Apollo Knee System was explanted and another prosthesis implanted due to loosening and plaintiff's residual swelling.

11. Over the months following the implantation of the Sulzer Natural-knee into Plaintiff, YOUNG, experienced debilitating pain and suffering as well as additional physical injury as a result of the failure of the Sulzer knee implant.

12. In May 2001, YOUNG was again admitted by George R. Williams, M.D., to Louisiana State University Health Sciences Center in Shreveport, Louisiana, for additional complications of the previous knee and reinstallation of another Sulzer Knee implant device.

13. At present YOUNG is without a knee implant and is faced with the possibility of either reimplantation or total removal of the limb.

14. The Sulzer knee implanted into Plaintiff, YOUNG, failed by becoming loose and preventing Plaintiff, YOUNG's bones from fusing in a manner necessary to result in successful implantation of the knee replacement hardware.

15. As a result of the failure of the Sulzer Natural-knee replacement, Plaintiff, YOUNG, will have to endure a painful and dangerous procedure of ex-plantation.

16. The Sulzer Natural-knee is manufactured, sold, distributed and/or designed by Defendants, Sulzer Medica Ltd., Sulzer Medica USA, Sulzer Ltd., and Sulzer Inc.

17. In May, 2001, for the first time, Defendant, Medica Ltd., Medica USA, Sulzer Inc., Sulzer Ltd., inititiated a voluntary recall of Sulzer Natural-knee replacements.

18. Plaintiff, YOUNG, is a representative Plaintiff in this class action suit.

19. The number of potential Class members is so numerous that joinder of all members is impractical.

20. There are questions of law and fact common to each member of the Class; the claims of YOUNG, are typical of the claims of the Class; the Plaintiff, YOUNG, will adequately protect the interests of the Class.

21. The Plaintiff and the Class are adequately represented by counsel filing this Complaint. Counsel has adequate means and is familiar with the key issues in this type of litigation.

22. **YOUNG 's** claim in this lawsuit is typical of the claim in that his injuries are those described by Defendants in their voluntary recall of the defective knee replacement.

23. Pursuant to Federal Rules of Civil Procedure 23, the general Class is divided into the following two sub-classes;

   a. The first sub-class ("SUB A") consists of those persons who received and had surgically implanted a Sulzer Natural-knee system from an affected lot and who subsequently required a surgically ex-plantation of the device;

   b. The second sub-class ("SUB B") consists of those persons who received and had surgically implanted a Sulzer Natural-knee from an affected lot and who may need an ex-plantation of the Sulzer Natural-knee but have not yet had ex-plantation of the device.

24. The prosecution of separate actions by each member of the Class would create the risk of inconsistent or varying adjudications resulting in incompatible standards of conduct for the Defendants.

25. The questions of law and fact common to the Class predominate over any questions affecting only individual members. An action by the Class is superior to other available methods for the fair and efficient adjudication of this controversy.

## CLASS ACTION ALLEGATIONS

26. Plaintiffs bring this class action pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3) on behalf of a general class (the "Class") consisting of:

>All citizens or residents of the United States who have had
>Affected Sulzer Natural-knee implants placed in their bodies.

27. Plaintiffs also bring this action on behalf of two subclasses. Subclass A consists of those Class members who have had an affected Sulzer Natural-knee placed into their bodies and have already undergone revision surgery prior to the Final Judicial Approval Date to correct problems with the affected Sulzer Natural-knee. Subclass B consists of Class members who may need to undergo revision surgery after the final Judicial Approval Date to correct problems with the affected Sulzer Natural-knee.

28. Plaintiffs are all members of the Class and subclasses they seek to represent.

29. The Class and subclasses consist of thousands of members and therefore is so numerous that joinder is impractical.

30. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

31. Plaintiffs' claims are typical of the claims of the Class and subclasses because they and all the Class Members and subclass members' sustained damages which arose from Defendants' wrongful conduct complained of herein.

32. There are questions of law and fact common to the Class and subclasses, including, but not limited to:

    a. Whether the Sulzer Natural-knees designed, developed, manufactured, distributed, fabricated, supplied, advertised, promoted and/or sold by Defendants had a defect(s);

    b. The nature of said defect(s);

  c. Whether the Sulzer Natural-knees are susceptible to unreasonable failure rates;

  d. When Defendants knew or should have known that their Sulzer Natural-knees were susceptible to unreasonable failure rates;

  e. Whether Defendants conducted testing on the Sulzer Natural-knees necessary to determine its safety prior to selling and/or distributing it;

  f. When Defendants conducted such testing, if at all;

  g. Whether said testing was adequate and responsible;

  h. Whether Defendants accurately reported test results;

  i. Whether Defendants failed to provide adequate warnings concerning the Sulzer Natural-knee

  j. Whether the Sulzer Natural-knees are unreasonably dangerous;

  k. Whether the Defendants were negligent in selling the Sulzer Natural-knees without adequate testing or warning

  l. Whether the warnings, if any, given by Defendants were reasonable in light of what they knew or should have known;

  m. Whether Defendants' failure to give adequate and timely warning of the dangers of the Sulzer Natural-knees constitutes negligence per se;

  n. Whether Defendants breached express or implied warranties in conjunction with the design, development, manufacture, fabrication, marketing, sale and distribution of the Sulzer Natural-knees;

  o. Whether Defendants concealed adverse information from Plaintiffs and the Class and subclasses regarding the testing and safety of the Sulzer Natural-knees.

  p. What steps, if any, Defendants took to cure the defects in the Sulzer Natural-knees after they knew of the defects and of the injuries and risk associated with their use;

> q. Whether Defendants are strictly liable to those injured by their defective Sulzer Natural-knees.
>
> r. Whether the Sulzer Natural-knees were merchantable quality and safe for their intended use;
>
> s. Whether Defendants made any express representations about the Sulzer Natural-knees
>
> t. Whether Defendants' manufacturing process was negligent;
>
> u. Whether Defendants actively concealed the defects in the product and the risk of serious injury that could result;
>
> v. What is the proper mechanism for assessing and awarding damages and administering other relief, including relief to reduce the threat of future harm.

33. The claims of Plaintiff are typical of the claims of the Class and subclasses.

34. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class and subclasses. Plaintiff has retained counsel competent and experienced in complex class action litigation. Plaintiff has no claims antagonistic to those of the Class. Class counsel will consist of Robert E. Piper, Jr. and Cloyd Benjamin, Jr of the law firm of Piper & Associates.

35. Class certification pursuant to Rule 23(b)(2) is appropriate because Defendants' course of dealing with members of the Class adversely affects all members of the Class, thereby making appropriate final and injunctive relief corresponding to declaratory relief with respect to the Class as a whole, whereby the Defendants would be compelled to cease such course of dealing.

36. Class certification pursuant to Rule 23(b)(3) is appropriate because common issues of law and fact relative to the effect of the Defendants; course of dealing are common to the members of the class and said questions of law or fact predominate over any questions affecting only individual

members, thereby rendering the class action superior to other available methods for the fair and efficient adjudication of this controversy.

COUNT I

NEGLIGENCE OF DEFENDANTS

MEDICA LTD., MEDICA USA, SULZER LTD., and SULZER INC.

37. Plaintiff restates the allegations set forth in paragraphs 1 through 33 of his Class Action Complaint as if fully rewritten herein.

38. The Defendants, MEDICA LTD., MEDICA USA, SULZER LTD., and Sulzer Inc., owed a duty to the Plaintiff and the Class to use reasonable care in the design, manufacture, development, testing, inspection, marketing, and continued safety of the Sulzer Natural-knee in order to protect the surgical recipient of the Sulzer Natural-knee from reasonably foreseeable harm. The Defendants, MEDICA LTD., MEDICA USA, SULZER LTD., and SULZER INC., were negligent and breached their duties by:

    a. failing to properly design, manufacture, develop, test, inspect, sell distribute the Sulzer Natural-knee and/or failing to properly test their product and adequately insure it was of a safe design and/or construction; and/or failing to properly inspect their product post-production to insure it was of safe design, construction, and/or subject to an adequately safe manufacturing process to prevent post-design defects; and/or failing to notify the Plaintiff and the Class

of the surgically implanted the Sulzer Natural-knee design and/or manufacturing defects which had the potential of causing Sulzer Natural-knee replacement to fail; and/or failing to warn the Plaintiff and the Class of the known or discoverable defects in the Sulzer Natural-knee which created an unreasonably dangerous condition.

38. As a direct, proximate, and foreseeable result in the negligence of Defendants, MEDICA LTD., MEDICA USA, SULZER LTD., and SULZER INC., the Plaintiff and the members of Sub A and Sub B were injured as follows:

    a. Plaintiff and members of SUB A suffered bodily injury, including but not limited to the ex-plantation of the affected Sulzer Natural-knee and a full knee replacement, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expensive hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and/or aggravation of the pre-existing condition. These losses are either permanent or continuing and members of Sub A will suffer such losses into the future;

    b. Members of SUB B suffered grievous bodily injury, including the potential need for the ex-plantation of the affected Sulzer Natural-knee resulting in pain and suffering, disability, disfigurement, mental anguish, mental anguish, loss of

ability to earn money and or aggravation of the pre-existing condition;

## COUNT II

### BREACH OF EXPRESS WARRANTY

39. Plaintiff restates the allegations set forth in Paragraphs 1 through 36 of his Class Action Complaint as if fully rewritten herein.

40. Defendants expressly warranted to Plaintiff and the Class and subclasses that the Sulzer Natural-knee which they designed, developed, manufactured and sold to Plaintiff and the Class and subclasses, were of merchantable quality, fit and safe and otherwise not injurious to the Plaintiff's health and well being.

41. The Sulzer Natural-knee implanted in Plaintiff and the Class and subclasses were unsafe, unmerchantable, unfit for use in the body, and otherwise injurious to Plaintiff and the Class and subclasses.

42. Through their sale of affected Sulzer Natural-knees, Defendants were merchants pursuant to Section 2-314 of the Uniform Commercial Code.

43. Defendants breached express warranties of merchantability in the sale of affected Sulzer Natural-knees to Plaintiffs and the Class and subclasses in that said products were not fit for their ordinary purposes described above.

44. As a direct and proximate result of Defendants' breach of their express warranties as described herein, Plaintiffs and the Class and subclasses including spouses, were caused to risk possible death and suffer substantial and severe harm, injury and damage.

## COUNT III

### FEAR OF FUTURE PRODUCT FAILURE

45.     Plaintiff restates the allegations set forth in Paragraphs 1 through 42 of the Class Action Complaint as if fully rewritten herein.

46.     Defendants placed into the stream of commerce defective Sulzer Natural-knees knowing that said products were not fit for their intended purposes and knowing that said products caused attendant medical problems as described herein.

47.     Defendants knew that Plaintiff and the Class and subclasses would suffer mental distress and anxiety upon learning that said Sulzer Natural-knee possessed a likelihood of failure and the development of attendant medical problems as described herein, thereby causing serious bodily injury or possible death.

48.     Defendants' conduct in manufacturing, distributing, wholesaling, fabricating, advertising, promoting, modifying, and placing on the market and into the stream of commerce known defective products has directly and proximately caused plaintiffs and the Class and subclasses to suffer mental distress and anxiety because of the fear of knowing that there is a likelihood that the Sulzer Natural-knee will fail in the future, causing attendant medical problems as described herein.

## COUNT IV

### MISREPRESENTATION

49.     Plaintiff restates the allegations set forth in Paragraphs 1 through 46 of his Class

Action Complaint as if fully rewritten herein.

50. Defendants negligently and carelessly made the foregoing misrepresentations without a reasonable basis thereto and did not possess information on which to accurately base those representations.

51. Defendants were aware that they did not possess information on which to accurately base the foregoing representations and concealed from Plaintiffs and the Class and subclasses that there was no reasonable basis for making said representation herein.

52. When Defendants made the foregoing representations, they knew or should have known them to be false.

53. In reliance upon the foregoing misrepresentations by the Defendants, Plaintiff and the Class were induced to and did subject themselves to the use of the aforementioned products. If Plaintiffs and the Class had known of the true facts, they would not have taken such action and risk. The reliance of Plaintiff and the Class and subclasses on Defendants' misrepresentations and omissions were reasonable because said representations were made by individuals and entities who are in a position to know the true facts.

54. As a result of the foregoing negligent misrepresentations by Defendants, Plaintiff and the Class and subclasses suffered injuries and damages as alleged herein.

## COUNT V

### EQUITABLE RELIEF – MEDICAL MONITORING PROGRAM

55. Plaintiff restates the allegations set forth in Paragraphs 1 through 52 of their Class action Complaint as if fully rewritten herein.

56. As a direct and proximate result of Defendants' acts, Plaintiff and the Class face an increased susceptibility to injuries as described herein. This irreparable threat to their health can only be mitigated by the creation of a medical monitoring fund to provide for a medical monitoring program, including: notifying Plaintiff and the Class and subclasses of the defects and the potential medical harm; funding of a program for the surgical removal of the defective Sulzer Natural-knee within the body of Plaintiff and the Class; gathering and forwarding to treating physicians information relating to the diagnosis and treatment of injuries which may result from the product; aiding in the early diagnosis and treatment of resulting injuries; and providing funding for diagnosis and preventable medical treatment, particularly radiological monitoring and for the surgical removal of the defective Sulzer Natural-knee.

57. Plaintiff has no adequate remedy in law in that monetary damages alone do not compensate for the insidious and continuing nature of the harm to them and only a medical monitoring program which notifies plaintiffs and the Class and subclasses and aids in correcting the problems can prevent the greater harms which may not occur immediately and which may be preventable, if proper research is conducted and the health risks are diagnosed and treated before they occur or become worse.

58. Plaintiff and the Class have suffered irreparable harm s alleged herein and, in the absence of equitable relief, Plaintiffs and the Class will suffer further irreparable harm such as death

and severe and debilitating injuries from continued retention of the defective Sulzer Natural-knees. Without a medical monitoring program, Plaintiff and the Class and subclasses might not receive prompt medical care, which could prolong their productive lives, increase prospects for improvement and minimize disability.

## COUNT VI

### STRICT LIABILITY OF DEFENDANTS

### MEDICA LTD.; MEDICA USA; SULZER LTD., and SULZER INC.

59. Plaintiff restates the allegations set forth in paragraphs 1 through 56 of his Class Action Complaint as if fully rewritten herein.

60. The Defendants, MEDICA LTD., MEDICA USA, SULZER LTD., and SULZER, INC., were and are sellers engaged in the business of selling the product which is the subject matter of this complaint, to wit: Sulzer Natural-knee replacement.

61. The product was expected to reach and did reach the user or consumer without substantial changes in the condition in which it was sold.

62. The product when sold by the Defendants, MEDICA LTD., MEDICA USA, SULZER LTD., and SULZER INC., was in a defective condition, unreasonably dangerous to the user or consumer due to defects in the design and/or manufacture of the product as more fully set forth in Paragraphs 1 through 59.

63. The Plaintiff and the Class were within the scope of persons who would use and have had implanted the product.

64.     The Defendants, MEDICA LTD., MEDICA USA, SULZER LTD., and SULZER INC., are therefore strictly liable to the Plaintiffs and the Class for any mental and physical harm and injury to the Plaintiff and the Class. More specifically, as a direct and proximate result of the defective and unreasonably dangerous condition of the Sulzer Natural-knee;

    a.  Plaintiff and Members of SUB A suffered bodily injury, including but not limited to the ex-plantation of the affected Sulzer Natural-knee and a full knee replacement, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expensive hospitalization, medical and nursing care and treatment, loss of earning, loss of ability to earn money and/or aggravation of the pre-existing condition. These losses are either permanent or continuing and members of Sub A will suffer losses into the future;

    b.  Members of SUB B suffered grievous bodily injury, including the potential need for the explantation of the affected Sulzer Natural-knee resulting in pain and suffering, disability, disfigurement, mental anguish, mental anguish, loss of capacity for the enjoyment of life, expensive hospitalization, medical and nursing care and treatment, loss of earning, loss of ability to earn money and/or aggravation of the pre-existing condition;

WHEREFORE, Plaintiff, individually and on behalf of the Class and subclasses, pray for judgment against Defendants, jointly and/or severally, as follows:

    a.  For general damages in an amount to be proven at the time of trial;

b.  For special damages in an amount to be proven at the time of trial;

c.  For pre-judgment and post-judgment interest on the above general and special damages;

d.  For restitution and disgorgement of profits;

e.  For costs of this suit and attorneys' fees; and

f.  All other relief that Plaintiffs, the Class and subclasses may be entitled to at equity or at law, including but not limited to the funding of a medical monitoring program

## JURY DEMAND

Pursuant to Rule 38(b), Federal Rules of Civil Procedure, Plaintiffs and the Class and subclasses hereby demand a trial by jury.

Respectfully Submitted,

**PIPER AND ASSOCIATES**
**ATTORNEYS AT LAW**
**624 Pierre Avenue**
**Post Office Box 69**
**Shreveport, Louisiana 71161**
**(318) 226-0826**
**(318) 424-9900 Facsimile**

BY: _____
ROBERT E. PIPER, JR.
BAR ROLL NO. 10,552

**CLOYD BENAJMIN, JR.**
**BAR ROLL NO. 25,981**